1124 United States v. Luis Rodolfo Mejia At this time, would counsel for the appellant please introduce himself on the record to begin. Yes, good morning, your honors, attorney Edwin Edgardo Leon Leon on behalf of the appellant Luis Mejia. Yes, I would like to reserve from my designated time at least five minutes for rebuttal if needed. You could have three. Your honors, this is the first time in my 30 years of law practice that I appear in an appeal in which the appellant and the appellee concur 100% in their request to the court. Both parties in the I can't see what we're doing here then. What are we doing here then? I know your honor, but this is the first time that that has happened to me. So you're in full agreement that you would just like it remanded? Yes. There is no question as to the fact that the judgment or the sentence of the case is the one that's been pronounced orally by the judge at the sentencing hearing. Yes, in case there is no question. I just I'm now confused. If you're for a remand and therefore remand, is there any need to go for it? Why can't you just both? What's in dispute? What are you trying to convince us of? Well, your honor, that the judgment pronounced does not conform, I mean, the written sentence does not conform to the oral pronounced judgment. And the government agrees with you? Yes, your honor. Okay. So you're trying to make sure that we don't disagree with you? Yes, your honor. Okay. Well, excuse me, counsel. I thought, yes, there's agreement on a remand, but if you want the remand, you want a specific instruction that the court should impose a sentence that takes account of the prior discharge sentence. The government does not agree with that. The government says, as I understand it, the judge should take another look at this. This may in fact be a clerical error situation, and he did not properly consider that possibility. So they're agreeing on remand, but there's not an agreement about what should happen on remand. Isn't that right? Well, your honor, I think that when you go to their brief, they're also stating that nothing could be done because they did not appeal that sentence. They're saying basically that the oral judgment gave should be the one that should be taken in consideration. Because if they had any type of disagreement with that, they should have an appeal, which they did not. So the... Well, no, they're saying that if the judge ends up agreeing with your position, they're not in a position to then object to that. They've waived that, but they're allowing for the possibility that the judge, after looking at everything that the government says he should look at, may conclude that this was still a judge error, not a clerical error, and may decide the issue the same way. So they're not, again, they're not agreeing that your outcome is the only appropriate outcome. Isn't that correct? We do not see it that way, your honor. Why don't you tell us what you want, and then we'll hear from the government, we'll figure out what they want. Okay, sure, your honor. Well, simply, we want that the written sentence conform the oral judgment that was pronounced at the sentencing hearing. What... There is no question that the judge at the sentencing hearing pronounced specifically the following. Here. Yes. Just to Judge Lopez's question, if you could just address it directly. One possibility is we say the district court here didn't make clear that in concluding it was not a clerical error, that it had considered the right thing. Therefore, we could vacate and remand and say, consider the right things to determine whether it was a clerical error or not. Judge Lopez is suggesting that you're taking the position that that's not what you would like us to do. What you would like us to do is tell the judge that it was a clerical error. And so on remand, enter the correct sentence. Is that what you're asking for? Yes, your honor. Okay. So why don't you address why you disagree with the conclusion that all we should do is remand for the district court to consider whether it was a clerical error rather than order him to deem it a clerical error? Your honor, because the wording specifically stated by the judge included, included this, that pursuant to sentencing guidelines 5G1.3 and 5K2.23, the court will depart and adjust the discharge term of imprisonment of 45 months of the sentence imposed in New York by the Southern District of New York. That was very clear. It gave a legal basis and that's what was stated by the judge in his allocution when he pronounced the judgment, your honor. This is specifically oral pronouncements, not ambiguous. It is clear. The record also shows that the judgment specifically gave the defendant 45 months credit for the sentence served on relevant conduct offense, your honor. When we have the transcription, when we read the transcription of the sentencing hearing, this report is basically there. Why? Because it's not only contains a specific wording as to the partial 45 months, but it also gives us the legal basis. The record reflects that the judge at the sentencing allocution started by stating these words. He informed both parties that he would accept the plea, but that based on the appellant's sentencing memo, he will credit the defendant. That was, that's right in the transcription. Then the government objected and argued. They said that that request was a breach of the plea. And this after hearing both allocations was resolved in favor of the appellant. Not only that, your honor, after or prior to imposing the sentence and after hearing the allocution from both parties, the district court instructed the probation officer to consider the New York sentence as relevant conduct and to amend the appellant's criminal history category to one. The government, again, objected to the court's relevant conduct determination. In the colloquy, the judge says the sentence stands at 121 months, so there's no breach of any plea agreement. What's the significance of that statement? Well, we understand that specifically he is accepting the plea of 121, but again, he is giving credit to why? Because in the sentence... The problem is the sentence is, the sentence stands at 121 months. Yes, your honor. But when in the request from the defendant's attorneys, they request a coterminous term, it means that this second sentence goes back and starts from the same date that when the first sentence was to be served. And that never happened. Isn't that the last word in the oral colloquy on what sentence was being issued orally? Excuse me? Isn't that the last, in other words, in the transcript, when he's saying orally what the sentence is? No. Unless I'm misreading it, isn't the last thing the district court says on that score with respect to what the sentence is, the phrase, the sentence stands at 121 months? Yes, your honor. So that's where I think the source of the potential ambiguity is, which is in saying that, is that just like a slip of the tongue? Because right before that, the AUSA says we're requesting 121 months. He then says the sentence stands at 121, not the request is 121. Sentence stands at 121. Yeah. But at the same time... Then he said, that's the source of the ambiguity, which seems to support the government's position that maybe the right thing to do is to vacate and remand, tell the district court, you have to look at these materials and decide, was the oral sentence, in fact, not 121 months, but the 120 months plus the credit, you know, with the credit taken account? If so, then that doesn't accord with the written, and then therefore, you could say it's a clerical error. Well, your honor, when you see the whole transcription, I don't think it could be seen that way. Thank you. Anything further? Judge Lopez? Counsel, if I'm correct, the written judgment says, the written judgment says 121 months of imprisonment to be served concurrently with New York case so-and-so. I mean, it sounds to me like that written judgment does reflect what the court was saying earlier. You quoted earlier how the court was describing the sentence that, will the pardon adjust the discharge term of imprisonment of 45 months. It sounds like the judgment does just that. So the argument might be there's not a clerical error. The problem is the judge has imposed an illegal sentence because as a matter of law, he could not give your client credit for those 45 months of a now fully discharged sentence. So isn't it possible the judge now realizes when he says it was my mistake, it's not a clerical error. He's now recognizing that he made a mistake in trying to give your client credit for something that he cannot give your client credit for. Now, that may sound like it's an argument why we shouldn't remand, and I'm not proposing that we do that. But isn't that a problem? It does seem to me that there was arguably not a clerical error here. The judge just imposed a sentence that was illegal. And the government never said anything about it. That's another problem. But isn't that arguably what happened here? Very respectfully, Your Honor, we think not. Why? Because when you read that written statement, judgment, Your Honor, it doesn't also contain the fact of code termously, which is very different. It does not contain the credit. Let's just assume for a moment, yes, Your Honor, that that sentence might or not be illegal. It wasn't discussed, and it was not appealed by the government. What are we going to do with the defendant's due process to appeal? He was there. He heard a pronounced sentence, which was correct for him, which credited 45 months, which also gave him to be served at the same time, and he left. So now it's going to be changed, and what is he supposed to do? Not appeal? Are we to oversight that completely, and will he lose that due process? I think that if that written sentence, judgment, would have contained the wording that was a completely different view in the eyes of BOP and the eyes of both parties in order to have appealed or to have done whatever they thought they should have done. Anything further? Thank you. Thank you, counsel. At this time, the counsel for the government will please introduce himself on the record to begin. May it please the court, Thomas Clumper on behalf of the United States. In this case, actually, the government initially requested a remand, actually conceded that a remand should be requested and that the court, and that's what we're continuing to ask for, a remand, because there could be a potential ambiguity with what had happened in this case. In order to determine if there is an ambiguity, it should be remanded to the district court. And what is that determination? Is it a legal determination? Because if it is, what's the point of the remand? Because then it would just be de novo review. Is it a factual determination? Then the remand would make sense. It's clear error. Is it a, there's discretion to figure out what it is, and it's abusive discretion. Maybe then there's a reason for remand, but I can't tell what the inquiry is. Is it a factual question, a legal question, a mixed question? I think it's a factual one. In this case, if you look at it, what happened was the court did specifically state that it was going to give a credit for this amount of time of search. But what's the fact question? Is it going to be extrinsic evidence to the oral record? In other words, I can read the oral record as well as anybody else can read it. But the thing is, it's not clear if the court did review the entire oral record. I understand, but what's the point of remanding for the district judge to do it if we could do it? In other words, if the question is, is it clear enough so that you could call it a clerical error? Because the deviation between the written and the oral is stark enough. Yes. If that's a legal question, why are we remanding? If it's a factual question, what is the factual question? I think the factual question, here, did the court orally make an oral pronouncement that gave a credit of 45 months? And is that a subjective question? Did the judge intend it? It looks like it. From our understanding of reading the record, yes. No. Subjective. You're saying that the right inquiry for the judge to do is to engage in a subjective inquiry? What did that judge intend in issuing that sentence orally? Yes. And so, would they take testimony? If it was a different judge, you'd get that judge on the… Do you see what I'm saying? Yes. Typically, when we deal with a document like this, a legal document, which is effectively the oral sentence, just like a judgment would be, you just look at the four corners of the document, you read it, and you make a judgment. What does it say objectively, not subjectively? So, that's what's puzzling me a little bit about what the point of the remand would be. Well, I think the remand… Actually, remand is for then… Looking at the record, it's unambiguous that the court did state it was going to give 45 months credit for the defendant in this case. Now, where the issue arises is when the court made the statement, I am imposing 121. Now… Does he say that? He says the sentence stands at 121. It stands at 121. Well, in this case, it actually would stand at 121, even with the credit. Well, then there's no point in the remand, and we could just say it is a clerical error, and issue the instruction to the judge that the oral sentence, just objectively read, is clearly intending to give 121 plus the 45 months credit. That's inconsistent with the judgment, to the extent it is inconsistent with the judgment, and therefore, it's a clerical error, and the government's fine with us saying that. Well, actually, that's what we argued originally in the motion that we filed with this court. And, Your Honor, what you did was you requested that we brief it… Yeah. …and consider it, so… Well, you don't have to. When you consider it, you don't have to take the opposite position. Right. You can stick by the same one. Anyway, actually, then we stick by our previous initial recommendation, and that the oral pronouncement should rule in this case, and this oral pronouncement was a 45-month credit. So, now you're in agreement with the… On that aspect, yes, Your Honor. Okay, so you… Now, the problem is you brought up the issue of Judge LaPaz. We have an illegal sentence, but in this case, as we conceded… You didn't appeal that. We didn't appeal that, so we're stuck with what the answer was given from direct appeal. So, in this case… So, you're now no longer disagreeing with the penalty. That's correct, Your Honor. Okay. So, you want us to vacate, remand, say it's a clerical error, say the oral sentence should stand… Yes. Which is an illegal sentence, but… Since we cannot do anything about it, yes. Because it's already issued. It's already issued. It's not like we're ordering the imposition of… But I guess there's a question, can you make a… Well, you've waived this too, I suppose, but I guess the… Can the clerical error device be used if the correction will result in a legal sentence? But I guess your argument is it's not changing anything. It's just sticking with what already was imposed. And we cannot, even the case law states, you cannot put… It's the, you know, the intent involved here. So, I mean, so you cannot correct it at this point because we did not appeal it. No, I'm saying that… Oh, excuse me. The clerical… If we're remanding… Yes. That's a clerical error… Yes. That's going to mean a change is being made to the written judgment. That is correct, Your Honor. And the question is, can a change to a written judgment be made if the change would result in an illegal sentence being imposed? Would the judge have the authority to do that? Or is the idea that it's not really a change because it's just a clerical error, so there's already a sentence imposed, that wasn't challenged, therefore, law of the cases, that's a legal sentence, a legal, not illegal sentence. Exactly. I think it's a ladder of the two, Your Honor, in that aspect. Any other questions? No questions. Thank you. Okay. Thank you. Thank you, counsel. At this time, Attorney Leon, if you have a three-minute rebuttal. Hard to see what you'd want to add. No. I know. I know, Your Honor. You just want to put it to our head. That went to our position when the judge in the district court stated in that the sentence, stanza 121, was when it was being discussed whether there was a breach of the plea agreement or not. So that's the difference. Respectfully submitted. Thank you. That concludes argument in this case. Counsel is excused.